This morning, we're pleased, very pleased to have with us Thomas Anderson from Memphis to help us with our docket today, and we appreciate it. Thank you. Please call the first case. Case number 124089 and 124111, Treaty of Life Christian Schools v. City of Upper Arlington, Oral Argument of J.C. Fittin and Persaud, Mr. Stanley. Good morning. My name is Eric Stanley, and I represent the appellant, Cross Appellee, Tree of Life Christian Schools. This court should reverse the trial court because Tree of Life's RLUIPA claim is ripe, and this court should also proceed to the merits and hold that the City of Upper Arlington violated RLUIPA when it denied Tree of Life zoning permission to use its building as a Christian school. In regard to the ripeness issue in this case, the district court erred because the finality requirement is met already, because the harm in this case has already been committed. Tree of Life's RLUIPA claim is that it should not have to apply for zoning approval when other secular institutions do not have to apply. The requirement to apply for rezoning is the harm in this case. But even though you say they should not be required to apply for zoning, in fact, they have applied, is that correct? That's correct, and we did file a motion with this court asking to supplement the record or for judicial notice that, in fact, Tree of Life, after the case was appealed, did apply for rezoning, and they were denied by the City. Do you have cases that say that if something becomes ripe while it's pending on appeal, that the ripeness issue goes away? What I think the proper analysis in this case is, is in the first instance, the case was ripe to begin with, because of— I understand that, but that wasn't my question. Right. I assume for the purpose of argument that it wasn't ripe or that it was contested whether it was ripe and then there was an appeal. That's right. And then whatever kept it from being ripe occurred. Do you have cases which say that then we can treat it as ripe regardless of the issue? Other than the cases we cited in our motion, no, Your Honor. And the motion— You would say that's true, though? I would say that— You don't have cases going the other way saying we can't do that? That's correct. I think that's exactly right. And I think that these—especially given the fact that these are City Council meeting minutes, this is a proper subject for judicial notice by the court. So the case is ripe, and we would urge this court to proceed to the merits of the case, because the district court made its views very clear on the merits of this case when it said in its opinion, even if the court found that this case was ripe, the court believes that the circumstances have changed, primarily the removal of daycares from the ORC Office and Research District, that no longer justify a finding in plaintiff's favor. Counsel, I'm looking at your reply brief here on page 3, and it says Tree of Life's claim under Arloepa is a facial claim and not an as-applied claim. Is that right? That is correct, Your Honor. Does that mean we just look at the face of the ordinance to see whether it's constitutional or not? That's right. You look at the face of the— I think that you have to look at the face of the ordinance itself to determine if there are excluded uses or—I'm sorry, if there are included uses. Here's my question. Yes. If we look at the face of the ordinance— Yes. —without the facts and what happened to you and so forth, and on its face it's either constitutional or unconstitutional, and we say on its face it's constitutional, is that the end of your case? I believe it would be. It is. I believe it would be. How can you say it's facially unconstitutional? It doesn't even mention religion. Well, it is facially unconstitutional because—and, in fact, the Eleventh Circuit Court of Appeals dealt with this same issue in the midrash. What about this case? How is this—how is it against Arloepa if it doesn't mention religion? What's the theory? Because, in fact, this is very typical of what zoning— We're talking about the law. That's right. Exactly. And what the zoning code is is very typical of what zoning codes are, which is the non-cumulative zoning that a city follows where there are lists of permitted uses and then any uses that are not permitted are excluded. And that is the norm for zoning codes right now. And so when you look at the face of the code, no, it's not going to say and list out all of those prohibited uses. But, in fact, on its face it is discriminatory because of that non-cumulative structure. And the Eleventh Circuit in the midrash case looked at the exact same thing and came to the same conclusion that even though the prohibited uses were not listed on the face of the zoning code itself, it was still a facial claim because the zoning code specifically says— What they hold. They held in that case that there was unequal treatment on the face of the code. There was unequal treatment in a code provision that didn't mention religion? Yes, because in that case a church was trying to get into the zone in that particular case. And you've already answered this, I'm sure, but you're not asserting any type of as-applied claim? No, Your Honor. We're asserting a facial claim on appeal that this is on the face of the code itself that there is unequal treatment under RLUIPA. And I believe that the unequal treatment exists because if you look at the ORC zoning district itself, there are secular institutions and assemblies that are allowed as permitted uses in the zoning district, but yet Tree of Life's Christian School is a prohibited use. The city's made that very clear. Because it's a school. Because it's a Christian school. Because it's a school. Because it is a school. And in this particular instance, it's a Christian school, which is— It's a Christian school, but that's an as-applied thing. You're doing facial, right? It's a school and it can't be there. But in this case, this is a RLUIPA case. And so in this case, you look at the fact that this is a Christian school that is seeking access to this particular zone. And you look at how the zoning code treats religious assemblies or institutions, which in this case, in the ORC zoning district, there is— What the city has done here is to take a district and mix the uses together. And under any accepted zoning criteria, the uses that are permitted in the ORC district impact the city's interest, whatever those accepted zoning criteria are, to the same extent as Tree of Life Christian Schools would. Can you talk a little bit about how the Christian school, or the school in this case, compares to the daycare centers and hospitals in terms of the express purposes of the ORC districts and the output from those entities? That's right. Yes, Your Honor. In fact, the city's only express stated interest in this case is the revenue generation interest, where it said that it put up the ORC's district and it created it in such a way as to generate revenue. Now, in that respect, daycares, hospitals, exempt hospitals from property taxes, nonprofit office uses, and in fact, even churches that are allowed as a conditional use in that zone, undercut that interest to the same degree as what Tree of Life Christian Schools would. And that's where, in this case, we believe that this case should be decided by this court and that this court should adopt the test that's put forth by the Fifth and the Ninth Circuits for a RLUIPA equal terms claim. Because, I mean, under any of the tests, Tree of Life Christian Schools should prevail. I think that's the test that is probably most faithful to the text of RLUIPA itself and takes into consideration the accepted zoning criteria. What does the city say is the purpose of this and the criteria for this zoning district? And then it asks, did it pursue those interests uniformly against all uses in that district? It's essentially a free exercise analysis if you want to look at it that way. And in this case, the city did not pursue its interest uniformly. It mixed the zone with other uses that undercut its stated interest in revenue generation to the same or greater degree than Tree of Life Christian Schools would. Is the case you cited to me, this Primera Iglesia Bautista case, is that the one you were talking about a minute ago? The Midrash case, it would be Midrash-Sephardi v. Town of Surfside, 366- Is that cited in your brief? Yes, it is, yes. 366 F. 3rd, 1214. Thank you. There were a couple of synagogues that had applied to be included in the business district in that particular case. And the city claimed, in fact, that allowing synagogues would erode the tax base, much like Tree of Life Christian Schools, the city claimed in regard to that. And the court held that the zoning code violated RLUIPA in that case because private clubs were allowed as permitted uses, but yet the church and the synagogues were not. And going back to your question in regard to the face of the zoning code itself, with these non-cumulative zoning schemes, you're going to have that type of instance where the prohibited uses are not talked about, which is what was the case in Midrash. But then you'd have to look at what was actually done. It doesn't seem like a facial case in classic terms. Well, I think, and maybe that's because it is a... When you say it's facial, you have to throw the whole thing out. You can't apply the statute. That's right. To anybody, whether you're religious or not. And as the 11th Circuit had said in the Midrash case, there's three different types of RLUIPA claims under the equal terms section. Two of them are as applied, and one they consider to be facial. But I think what they were really talking about was the fact that on the face of the zoning code itself there was that unequal treatment. So you have to look at this is, in fact, a religious assembly or institution that is seeking access to this zone. I think you can't get by that part because we are bringing a RLUIPA claim here. And in that respect, then you look at what other uses are applied. Well, it may have a little bit of the flavor of an as applied challenge, but I think it is still facial because you look at the face of the code and determine... A non-religious school could make the same challenge to it, right? Well, a non-religious school could make the same challenge, not under RLUIPA. Not under RLUIPA. Now, they might have a different challenge under maybe equal protection or due process. So non-religious... I'm talking about under RLUIPA. That's all we're talking about. That's right. Exactly. So to make a facial challenge under RLUIPA has to facially violate RLUIPA. If it does, it can't be applied. That's right. And under these non... So anybody can go under RLUIPA, whether they're religious or not. No, I don't think that's quite correct because the terms of RLUIPA itself say a religious assembly or institution has to be treated on less than equal terms with a secular assembly or institution. But that could easily happen in an ordinance. That's right. It does happen in an ordinance. So you could throw out that provision of the ordinance that treats religious things differently. That's right. If you have an ordinance that doesn't treat religious things differently, then you say, well, but it's on its face a violation of RLUIPA. It just seems to be a contradiction in terms. That's why I'm trying to figure out the theory of that. Well, the theory of it is that it's not on its terms or it's not contradictory because of the non-cumulative zoning schemes. Otherwise, the court could... I'm sorry, cities and counties could circumvent RLUIPA very easily by just saying, well, we're going to create this zoning code that lists all of these secular institutions or assemblies in this particular zone, and it doesn't say anything about religion at all, even though it excludes religious uses. And I think in that instance... It just excludes them on the same... On a basis that excludes non-religious uses. That's right. That's right. So your argument would apply to any zoning limitation, I would say. I believe it... Because you could say, well, but I'm not within the zoning limitation and I'm religious, so it excludes me. That's right. I believe it would. And in fact... So every zoning determination violates RLUIPA under that. No, not every zoning determination because... Why not? Because any one that's not allowed under the zoning, if the zoning precludes anything, I could find a religious version of that and go in and say on its face it violates RLUIPA, right? Well, under RLUIPA, I believe you could make that type of an argument, but you would have to then meet the test under RLUIPA, which is where I think you go where you say, did the city mix these uses together in such a way that it undercuts any accepted zoning criteria the city might have for that particular zone? So it's not just an entree into the zone itself. In that regard, that's what the city's done here. It has allowed these secular institutions that undercut its interests to the same degree. You talked about the test, and you've urged us to adopt the test from the 5th and or the 11th. How do those tests compare, in your mind, to the test from the 3rd Circuit? I see my time's up. Can I respond? Please. The 3rd Circuit looked at what is the regulatory purpose behind the zoning code. The 5th and the 9th Circuits, and really the 7th Circuit as well, they term it differently. They say, what is the accepted zoning criteria? I believe that the 5th and the 9th and the 7th were trying to get away from maybe a subjective analysis of what the 3rd Circuit would do. In fact, Judge Posner said this in the 7th Circuit River of Life case. He said, if you allow the 3rd Circuit case, then what we're going to be doing is looking at what are the subjective motivations of the drafters of the zoning code, which really goes against looking at the constitutionality of a statute shouldn't look at the subjective motivations of the drafters. And so you look at what is the accepted zoning criteria. I think, though, the 2nd Circuit and the 7th Circuit both understood and recognized that no matter what the test was that's out there right now, although they may be stated differently, functionally they are similar in their application. And I think that's the case here as well. Thank you. The case note says that the provision at issue in that Midrash case excluded churches from locations where private clubs were permitted. That's correct. It just did that without mentioning churches? It just allowed private clubs? Is that your argument? Yes, that's right. All right. Thank you. Thank you. May it please the Court, I'm Mark Landis. I'm here for the city who just wants to do the right thing. Now that we are facing a facial challenge, I'll start with the text of the statute where we should. And this is clearly just an equal terms argument that's been made by the plaintiff, not a substantial burden. We're not hearing First Amendment, so it's an equal terms statute. Equal terms says that we should not treat religious assemblies or institutions on less than equal terms than non-religious assemblies or institutions. What's distinctive about this case, and unlike any other that you've been cited to, is this is not a church case. And the other courts of appeals struggled with a sophisticated analytical framework to determine how would you treat a church with a non-religious church. There is no such thing as a non-religious church. So they struggled to figure out what do you compare an assembly, a religious assembly, what kinds of non-religious assemblies would you compare a church to? In this case, you don't have that problem. You have a school. And this is the first case in which a RLUIPA case of this nature has been brought to a court where it's not been a church. And these other courts have struggled with is a bomb. But non-church religious uses are still covered by the statute, aren't they? Absolutely. Once it's a church, once you're in, you're in, Your Honor, as you would say. Is he reading this Eleventh Circuit case correctly, that you can have a facial challenge to an ordinance which doesn't mention churches as long as it mentions a lot of non-churches? We would say no, Your Honor. Why? Well, in part because it was, in fact, they had to determine whether or not a church would be allowed versus an assembly that's like a church. And there was something that was very easy for them to look at, and that was a private club. You have the same kind of assembly with a private club. And because they had private clubs— The ordinance said private clubs are allowed but didn't say churches were allowed. That's correct. In this case, Your Honor, since this is a facial challenge, we should look at the face of the ordinance. And what we have is— That's what they said the Eleventh Circuit did in this Midrash case. They just looked at the statute. That's right. And the Eleventh Circuit has been criticized by every other circuit that's ever picked up Midrash. And no one has followed Midrash yet. The Third, the Fifth, the Seventh, and the Ninth. I thought that was on the standard that we applied, not whether there was a facial violation or not. Well, as to the analytical framework of whether or not merely listing a non-church assembly can get you there, instead they look at why did you list a non-church assembly. Would it be okay under accepted zoning criteria, which is what the Seventh came up with? Judge Posner had Midrash to look at. When it said private clubs, that was inferentially non-church clubs. Something right in the statute that said not churches. So what we ought to do here is look and see if non-religious schools— If it says non-church schools, then you'd have a problem. Exactly, and it doesn't. I see. Can you address the—unless there's further questions on that line—can you address the ripeness argument? Because I took the—it was a little hard to figure out what the district court reasoned exactly. But one way to read it is facially there's not a problem here, but as applied, it's not ripe. More or less you could read it that way. I think that's a fair reading. All right. If you read it that way, their argument now is it's just a facial challenge, but it's a special kind of facial challenge that in some context you could call applied. What should we do with the ripeness argument now that the recourse that had not occurred, which made it arguably not ripe, has now occurred? That's a good sentence. Thank you. Let me start here. I don't think that there is a ripeness challenge that holds up when we're just looking at this facial issue. You've asked counsel whether this is merely facial. The trial court ruled on the facial challenge that was page 21 through 22. So we can treat that issue flat out without working on ripeness. Exactly. I think we're done with ripeness. We're done with ripeness because they have gone to the city? No, Your Honor. We're done with ripeness because they've limited it to a facial challenge. What if I don't accept their characterization and I treat what they've done as a type of as applied challenge? I wouldn't blame you. The next thing I would say is this, Your Honor. Assuming we do that for the moment, because that seems to be what the district court did, and in their complaint they say as applied. They do. So if we wanted to be generous and try to do justice, we can treat this not just as a purely ripeness challenge but also perhaps look at it as a type of applied challenge. Then you would say the ripeness argument applies, but the ripeness argument doesn't apply, does it, because they've already gone to the? As to a facial challenge, it doesn't apply. If the court is inclined to look at an as applied challenge notwithstanding counsel's representations, that's not why we're here. I'm not sure that we are, but I'd like to have an answer to the question assuming that we are. Thank you. Here it is. They've still not exhausted properly under Miles Christie, and here's why. They were told three times the proper method to go about to get an answer from the city as to whether the city would allow this use. They buy a school knowing that it's not zoned for schools. They don't make the use conditional. You said what they had to do was seek a zoning change, right? They had to seek a zoning change, and that's a particular kind, Your Honor. It's a site-specific change to the zoning map. So they're supposed to take the property they own and say, hey, we know it's not zoned for schools. It is zoned for churches, by the way. It's a conditional use for churches. Churches are allowed in this district, back to the facial challenge, but it's not allowed for schools. If you want it for schools, you need to come in here and tell us how you would use it as a school. You go to staff. Staff looks at it. It goes to the Board of Zoning Appeals, and then city council rules whether or not we'll change the zoning map to make your land in a classification that allows a school. They've never done that. Instead, what they did. How is that different from what they did do? Here's what they did do, and you can find this under the motion on page 13 and 14. Of their supplemental record. Of the supplemental record. You don't object to having that? No. 13 and 14 indicates that they didn't ask for their land to be rezoned. They asked for the entire office and research district to be zoned. Rezoned not to allow schools, but to only allow religious schools. They basically asked the city, while this case was pending, to establish a religious school district. That's what they put before us, and that's what we denied. We've never been asked to rezone their land. It's one thing to say you need to go to this recourse, but then to say, well, you made the wrong arguments on this recourse. Is it clear to them that they're making the wrong arguments? They were told three times, and they were told so clearly that the sites are actually attachments to their complaint. In Exhibit B, I, and K to their complaint. They were told very specifically exactly what to do. But, counsel, you said we told them to go here and tell us how you plan to use this as a school. I guess a lot of people could argue about types of schools. But it seems to me the uses of a school are the kinds of things that most people could take notice of. So are you asking them, are you going to use this as a religious school, as a secular school, or what? Because it seems one thing to have a set of steps or hoops for them to go through. But if those steps or hoops are just so that you can deny them, it serves no useful purpose. But, of course, and your efforts need to be sincere. So let me ask you this. In this case, the express purpose of the ORC district is to generate property and income taxes and to provide jobs and services. And so can you explain how the proposed use by Tree of Life is different than that proposed use by daycares, hospitals, and other types of permitted uses in that district? Thank you. If I could, as a note, they keep talking about daycares. And daycares are not allowed use anymore. And we followed Judge Posner's argument on that. So let me note that. But as to hospitals, as to office districts, this had been the headquarters for AOL Time Warner. They had very highly compensated people packed into the entire building, creating at one time 29% of all the income tax revenue in this landlocked city. Instead, we're going to get 600 students. We're going to get students that some of them are 16, have shiny new licenses that they're trying to drive on. Do they come for football games on Friday night? Is there going to be activities on Friday night? What Miles Christy says, what this court said in Miles Christy is the city gets to look at that and decide in the first instance whether that's okay. Unlike a daycare where people pick up and drop off once a day, people are coming and going all the time. And they're coming and going individually. Students don't have income tax. But they do have parents. They do have parents. Parents would not pay income tax at that location because they wouldn't be working there. You'd have a few teachers, notoriously underpaid teachers, and that's what you'd have instead of an office building. 1.1% of all the land is used as an office. This is the largest office building in the city. But your point, as I take it, is that this colloquy you're having in a way with Judge Donald should be done at the city council when it's properly presented. The city council's never had that chance. I mean, certainly there's been conversations in litigation, but city council's never had that chance. My clients refused to predict what the outcome would be had they asked, and they were told how to ask. Because it's a facial challenge, we look at the statute. The statute says if it's not, or the ordinance, if it's not permitted, it can't be used. That's section 501. And then there's a table. So we look at the text of Verluppa on equal terms only, not substantial burden, anything else. And then we look at the statute. And the statute says nothing about schools being permitted. And because they're not permitted under the language, they're not a conditional use, they're just not permitted. Any kind of school, private school, public school, religious school, any kind of school. That really stops your inquiry. The cases you've been cited to are church versus private. Club cases, they're not school versus school cases. They don't say private club. They don't say church. They just say private club, right? Actually, it says churches, and churches are a conditional use in this particular district. You're referring to Midrash? Yeah, I'm talking about the statute, the ordinance. So our ordinance doesn't say anything about, it did at one time allow daycare centers, which makes sense if you've got an office district. That's where people want to drop off their kids. So there was an acceptable zoning criteria. There was a legitimate regulatory purpose under all the circuits that I don't think you even have to reach that analytical framework. Because there's no schools, any kind of school. And churches are conditional use. Their first attempt was to try to say that they should be allowed as conditional use as a church. But they're not a church, and they've now said that. They've said that in their pleadings to this court. So we are dealing with a school versus school issue. There are no schools allowed of any flavor. And because of that, a facial challenge needs to fail. Would a public school be subject to the zoning ordinance? It would. So the public school authority would have to get the variance or the zoning change? The site-specific zoning to that location. That's only true, Your Honor, in this ORC district, in this office and research district. In 95% of the rest of the city, they could have built a school. 95%. They picked where they had a building. They bought the building knowing it wasn't zoned. But, yes, Your Honor. They're allowed to buy buildings. So I guess to sum up, first of all, if it's just a facial challenge, I don't think you have a rightness issue. If the court is inclined to walk away from counsel's comments in that regard, you do have a rightness issue under Miles Christie. Because the city's never been given a chance to give an answer. I think your position is clear. Other questions? No questions. Thank you, counsel. Thank you. Just in regard to your question, Judge Rogers, on the Midrash case, I refer you to page 1219 of that opinion where the Eleventh Circuit said, Surfside zoning scheme is permissive. Any use not specifically permitted is prohibited. And that's precisely what is at issue here in the city of Upper Arlington zoning code. It permitted private clubs? It permitted private clubs. And private clubs did not include churches? That's correct. It did not include churches. Now, in this case, the city of Upper Arlington has permitted daycares, hospitals, non-profit office uses, and even churches by conditional uses, but it does not allow for schools. Is there anything that distinguishes based on whether something is religious or not? Yes. In fact, and you go back to the test that this court should adopt. On the face of it I'm talking about. On the face of it, yes. There are other secular institutions or assemblies, which is the language of RLUIPA itself. That are described as secular? Yes, that are allowed. Hospitals, non-profit offices. Secular hospitals, but not religious? No, but I don't believe it has to say that. But in Midrash it said private clubs. But I believe you could have a private religious club that wouldn't be a church. So the point is that it doesn't matter that the zoning code has it in terms of secular versus religious. What matters is, is the religious assembly or institution excluded from the zone? And other secular institutions or assemblies, are they included? And do they undercut any accepted zoning criteria to the same extent or greater? You have to address what my concern is because I'm the one that has to decide. I'm one of the three that has to decide this. That's right. If I look at this zoning ordinance in cases like Midrash. And it looks like this ordinance is drawing a distinction between religious and non-religious institutions. Whether it's hospitals or daycare centers or schools or meeting places. Then you could say that there is stated a facial claim. And if not, then not. And I think if you look at something that says private clubs and that's interpreted not to include religious clubs. You could say on the face of it, it's drawing a distinction between whether you're religious or not. If it just said meeting houses, then churches would have been included, right? That's right. So there is something on the face of it which distinguishes between religious and non-religious institutions, which I'm not yet seeing in this one. That's my problem. Yeah, and I understand that. And I do think that my response is twofold. One, I think that there is in how the zoning code treats because it specifically prohibits religious uses because they're not permitted. But also because if this court. But schools, there's nothing on the face of it that treats religious schools different from non-religious schools. That's exactly right. Or religious hospitals from non-religious hospitals. It just says hospitals. Or religious daycare centers versus non-religious daycare centers. It's all on its face neutral with respect to all of those. Is that correct? May I answer? Yeah, sure. That is correct that on its face it does not say secular hospitals are included and religious hospitals are excluded. It does not say that secular schools are permitted and religious schools are not. But I think that that is, with all due respect, a cramped reading of RLUIPA. And maybe it goes back to the idea that we are saying that this is properly considered to be a facial claim. I think that a facial claim under RLUIPA's unequal terms might look a little bit different than your normal facial claim would be. But in any event, I would point the court to the district court's opinion, which did hold that the zoning code did not violate RLUIPA on its face or as applied. So if this court is more inclined to look at it as an as applied, I think you at least ought to remand it in that instance to let the as applied challenge go forward. But I do think that on the face of it. Or at least to consider whether it's ripe now that you've done something which you say is enough and they say is not enough. That's correct. But I would urge this court to at least send the case back with a test, a proper test to be used under RLUIPA's equal terms claim. Because the district court has made it pretty clear as to what would happen if the case were to go back. We're going to ping pong back to this court because the district court's already made its views on the merits known on both the facial and as applied claims. And so I would urge this court to at least adopt a test and to give that guidance to the district court. And we would say the Fifth and the Ninth Circuit's test are probably the most faithful to the text of RLUIPA itself. And this court ought to adopt those tests. Thank you. Do you have other questions? No. Anything else? No. Thank you very much. Thank you, counsel. It's an interesting case. We appreciate your advocacy. The case will be submitted. We don't have any other cases to that right. You can go ahead and adjourn the court.